IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 2:97-CV-164 |
| | ) | |
| ROBERT M. LEVINE, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Motion to Set Aside Judgment Pursuant to Rule 60(b)(5) and Rule 60(b)(6), filed by Robert M. Levine, Movant/Defendant, on June 26, 2006 [docket entry number 90]. For the reasons set forth below, the motion is **DISMISSED** for lack of jurisdiction.

BACKGROUND

Levine was convicted on July 3, 1991, of one count of conspiring to use interstate commerce to effect murder for hire and of four counts of using interstate commerce to effect murder for hire. 18 U.S.C. §§ 371, 1958. On October 18, 1991, Levine was sentenced to life imprisonment and a fine of $250,000, restitution in the amount of $14,349, and a special assessment of $250. Levine remains in custody today.

Levine appealed his sentence on multiple grounds, and his conviction and sentence were affirmed by the United States Court of Appeals for the Seventh Circuit.  *See United States v. Levine*, 5 F.3d 1110 (7th Cir. 1993).  One of the grounds asserted in his appeal was that the district court improperly fined Levine.  The Seventh Circuit undertook the following analysis in determining that this Court properly fined Levine:

> In this case, [Levine's] presentence investigation report discussed at length his financial situation and his ability to pay the fine.  At the sentencing hearing, the district court adopted the report's factual statements as its findings of fact.  *See Blackman*, 950 F.2d at 425 (district court satisfied requirement to make findings before imposing a fine when it weighed defendant's presentence report); *United States v. Bradach*, 949 F.2d 1461, 1463-64 (7th Cir. 1991) (same).  The court heard additional evidence about Robert Levine's ability to pay.  These additional facts indicated that after his bankruptcy reorganization, Robert Levine would have assets accrue to a worth of $850,000.  Also, the record reveals that [Levine] was one of two beneficiaries to his eighty-one year old mother's $1.6 million dollar trust fund.
>
> The district court considered Robert Levine's ability to pay, including his earning capacity, as required by statute and by the United States Sentencing Guidelines.  18 U.S.C. § 3572(a)(1); U.S.S.G. § 5E1.2(d)(2).  The court also considered the government's position that the court should fine Robert Levine severely so as to limit his ability to hire another hit man to kill Mark Levine (or anyone else).
>
> Robert Levine bore the burden of showing that he could not pay the fine.  *United States v. Jones*, 983 F.2d 1425, 1434 (7th Cir. 1993).  He has not carried that burden.  The district court properly fined Robert Levine.

*Id.* at 1109-10.

Levine filed a motion pursuant to 28 U.S.C. section 2255 on April 29, 1997.  In his section 2255 motion, Levine argued that this Court erred by sentencing Levine to pay a restitution and fine because he had a negative net worth, and could not pay the fine.  On January 13, 1998, this Court ruled that this argument was addressed by the Seventh Circuit, *Levine*, 5 F.3d at 1109-10, and thus resolved the issue against Levine.

Levine now argues that it was a procedural error for the Court not to explain its ruling upholding the fine in the section 2255 order, and that pursuant to Federal Rule of Civil Procedure 60(b)(5) and Rule 60(b)(6), it is no longer equitable to make Levine pay the fine because his mother's assets were allegedly squandered, and Levine received little inheritance.  In response, the Government argues that the Court should construe this motion as a successive section 2255 petition and dismiss it for lack of jurisdiction, or, alternatively, deny the motion because no extraordinary circumstances exist.

DISCUSSION

In addressing a Rule 60(b) motion, this Court must first determine whether it has jurisdiction to entertain the motion.  Under certain circumstances, a Rule 60(b) motion must be treated as a successive habeas petition.  *See Dunlap v. Litscher*, 301 F.3d 873, 875 (7th Cir. 2002); *Harris v. Cotton*, 296 F.3d 578, 579-80 (7th Cir.

2002) (citations omitted) ("Prisoners are not allowed to avoid the restrictions that Congress has placed on collateral attacks on their convictions . . . by styling their collateral attacks as motions for reconsideration under Rule 60(b)."). If a Rule 60(b) motion is in effect a second or successive petition, a district court lacks jurisdiction to consider it unless the court of appeals has granted the petitioner permission to file such a petition. *See* 28 U.S.C. § 2255; *Dunlap*, 301 F.3d at 875 (explaining how 28 U.S.C. section 2255, paragraph 8, is "clear and bar[s] a district court from using Rule 60(b) to give a prisoner broader relief from a judgment rendered by the court in the prisoner's [2255] proceeding.").

The Government urges that the instant motion should be characterized as a successive habeas petition and be dismissed for lack of jurisdiction. In response, Levine relies upon *Gonzalez v. Crosby*, 545 U.S. 524, 125 S. Ct. 2641 (2005), as a basis for permitting him to seek relief under Rule 60(b). In *Gonzalez*, the Court held that a motion under Rule 60(b) containing certain claims, such as when a petitioner claims that a subsequent change in substantive law is a reason justifying relief from a previous denial of a claim, "is, if not in substance, a 'habeas corpus application,' at least similar enough that failing to subject it to AEDPA's restrictions on successive habeas petitions would be 'inconsistent with' [2254]." *Id.* at 2643-44. In making that finding, the Supreme Court approved the holdings of the Seventh Circuit and its sister

circuits in cases such as *Dunlap v. Litscher*, 301 F.3d at 876. However, *Gonzales* also recognized that certain issues presented in Rule 60(b) motions should not be construed as successive petitions. *Gonzales*, 125 S. Ct. at 2648; *see also Dunlap*, 301 F.3d at 876 ("It is only when Rule 60(b) conflicts with AEDPA that it is unavailable to a prisoner . . . [not when, for example,] the state procured dismissal of a prisoner's first federal habeas corpus proceeding by making fraudulent representations to the district court . . . .").

Whether a Rule 60(b) motion is properly considered a successive petition hinges on whether the arguments presented in the motion constitute a "claim," as the term claim is used in section 2244(b). The Court determined that a petitioner brings a "claim" when his motion "attacks the federal court's previous resolution of a claim *on the merits*." *Gonzales*, 125 S. Ct. at 2648 (emphasis in original). The Court distinguished the case where a Rule 60(b) motion attacks "some defect in the integrity of the federal habeas proceedings." *Id.* In those cases (where no "claim" is presented), "there is no basis for contending that the Rule 60(b) motion should be treated like a habeas petition." *Id.* "If neither the motion itself nor the judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed on its own terms creates no inconsistency with the habeas statute or rules." *Id.*

*Gonzalez's* reasoning has been extended to section 2255 motions

-5-

which implicate similar concerns of successiveness.  *See United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005).  Therefore, where a motion challenges a perceived "defect in the integrity of the proceedings" under section 2255, a Rule 60(b) motion is appropriate.

In this case, Levine attempts to characterize his motion as challenging a procedural error, urging that this Court improperly relied upon the Seventh Circuit's ruling in denying Levine's section 2255 petition, and that this Court committed a procedural error when it did not explain any other reasons for dismissing Levine's argument regarding the fine.  Although Levine tries to paint his claim as an attack on this Court's procedure in doling out Levine's fine, Levine's Rule 60(b) motion in reality still attacks the veracity of the fine imposed on Levine, which was an argument made by Levine in his section 2255 petition and rejected by this Court in its January 13, 1998, order.  This Court did not commit a procedural error, for example, it did not overlook Levine's argument.  Rather, this Court addressed Levine's contention in his section 2255 petition that the fine was improper, and it rejected Levine's argument based upon the ruling of the Seventh Circuit.  Accordingly, Levine's present motion does not set forth a "defect in the integrity of the proceedings" in the Court's decision to deny relief under section 2255.  Instead, the Rule 60(b) motion attempts to repeat the same substantive argument made in his original 2255 motion (i.e., Levine should not have been fined), an argument that this Court rejected based upon the Seventh Circuit's

-6-

ruling on the same issue.

As a result, Levine's Rule 60(b) motion raises a claim for relief rather than challenges to defects in a prior collateral review proceeding, and must be treated as a successive section 2255 motion. Levine was required to seek authorization from the Seventh Circuit prior to filing this motion, which he did not do.  This Court lacks jurisdiction to entertain this motion without authorization from the Seventh Circuit.  Accordingly, Levine's Rule 60(b) motion is dismissed for lack of jurisdiction.

CONCLUSION

For the aforementioned reasons, Levine's Motion to Set Aside Judgment Pursuant to Rule 60(b)(5) and Rule 60(b)(6) [docket entry number 90], is **DISMISSED** for lack of jurisdiction.

**DATED:   December 18, 2006**         /s/RUDY LOZANO, Judge
                                       **United States District Court**