IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. 2:97-CV-164 |
| ) | |
| ROBERT M. LEVINE, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter is before the Court on the Motion to Set Aside Judgment Pursuant to Rule 60(b)(5) and Rule 60(b)(6), filed by Robert M. Levine, Movant/Defendant, on June 26, 2006 [docket entry number 91]. For the reasons set forth below, the motion is **DISMISSED** for lack of jurisdiction.

BACKGROUND

Levine was convicted on July 3, 1991, of one count of conspiring to use interstate commerce to effect murder for hire and of four counts of using interstate commerce to effect murder for hire. 18 U.S.C. §§ 371, 1958. On October 18, 1991, Levine was sentenced to life imprisonment and a fine of $250,000, restitution in the amount of $14,349, and a special assessment of $250. Levine remains in custody today.

Levine appealed his sentence on multiple grounds, and his conviction and sentence were affirmed by the United States Court of Appeals for the Seventh Circuit.  *See United States v. Levine*, 5 F.3d 1110 (7th Cir. 1993).  Levine filed a motion pursuant to 28 U.S.C. section 2255 on April 29, 1997, setting forth a multitude of arguments attacking his conviction.  This Court ultimately denied Levine's section 2255 petition in an order dated January 13, 1998.

Levine now argues pursuant to Federal Rule of Civil Procedure 60(b)(5) and 60(b)(6), that this Court improperly reviewed several valid Constitutional claims.  Specifically, Levine claims he attacked the procedure used by the Court in deciding that he was not entitled to relief under section 2255 for the following claims Levine admittedly raised in his section 2255 petition:

> (1) Court Erred By Not Doing A Complete Review of the "Most Analagous"[sic.] Underlying State Offense.
>
> (2) The Court Breached Its Discretion In Sentencing Levine Using The Preponderance Of Evidence Instead of Reasonable Doubt.
>
> (3) Levine Indicted Under § 1958 Ignoring Congressional Intent.
>
> (4) It Was Plain Error For The Court To Fail To Instruct The Jury That Murder Violates Indiana Law.
>
> (5) Court Broadened (Amended) The Indictment When It Failed To Instruct The Jury That Murder Violated The Law In Indiana.

In response, the Government argues that the Court should construe this motion as a successive section 2255 petition and dismiss it for lack

of jurisdiction.

DISCUSSION

In addressing a Rule 60(b) motion, this Court must first determine whether it has jurisdiction to entertain the motion. Under certain circumstances, a Rule 60(b) motion must be treated as a successive habeas petition. *See Dunlap v. Litscher*, 301 F.3d 873, 875 (7th Cir. 2002); *Harris v. Cotton*, 296 F.3d 578, 579-80 (7th Cir. 2002) (citations omitted) ("Prisoners are not allowed to avoid the restrictions that Congress has placed on collateral attacks on their convictions . . . by styling their collateral attacks as motions for reconsideration under Rule 60(b)." If a Rule 60(b) motion is in effect a second or successive petition, a district court lacks jurisdiction to consider it unless the court of appeals has granted the petitioner permission to file such a petition. *See* 28 U.S.C. § 2255; *Dunlap*, 301 F.3d at 875 (explaining how 28 U.S.C. section 2255, paragraph 8, is "clear and bar[s] a district court from using Rule 60(b) to give a prisoner broader relief from a judgment rendered by the court in the prisoner's [2255] proceeding.").

The Government argues that this motion is a successive habeas petition, and should therefore be dismissed for lack of jurisdiction. Levine cites *Gonzalez v. Crosby*, 545 U.S. 524, 125 S. Ct. 2641 (2005), as a basis for permitting him to seek relief under Rule 60(b). In *Gonzalez*, the Court held that a motion under Rule 60(b) containing

-3-

certain claims, such as when a petitioner claims that a subsequent change in substantive law is a reason justifying relief from a previous denial of a claim, "is, if not in substance, a 'habeas corpus application,' at least similar enough that failing to subject it to AEDPA's restrictions on successive habeas petitions would be 'inconsistent with' [2254]." *Id.* at 2643-44. In making that finding, the Supreme Court approved the holdings of the Seventh Circuit and its sister circuits in cases such as *Dunlap v. Litscher*, 301 F.3d at 876. However, *Gonzales* also recognized that certain issues presented in Rule 60(b) motions should not be construed as successive petitions. *Gonzales*, 125 S. Ct. at 2648; *see also Dunlap*, 301 F.3d at 876 ("It is only when Rule 60(b) conflicts with AEDPA that it is unavailable to a prisoner . . . [not when, for example,] the state procured dismissal of a prisoner's first federal habeas corpus proceeding by making fraudulent representations to the district court . . . .").

Whether a Rule 60(b) motion is properly considered a successive petition hinges on whether the arguments presented in the motion constitute a "claim," as the term claim is used in section 2244(b). The Court determined that a petitioner brings a "claim" when his motion "attacks the federal court's previous resolution of a claim *on the merits*." *Gonzales*, 125 S. Ct. at 2648 (emphasis in original). The Court distinguished the case where a Rule 60(b) motion attacks "some defect in the integrity of the federal habeas proceedings." *Id.* In those cases (where no "claim" is presented), "there is no basis for

-4-

contending that the Rule 60(b) motion should be treated like a habeas petition." *Id.* "If neither the motion itself nor the judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed on its own terms creates no inconsistency with the habeas statute or rules." *Id.*

*Gonzalez*'s reasoning has been extended to section 2255 motions which implicate similar concerns of successiveness. *See United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005). Therefore, where a motion challenges a perceived "defect in the integrity of the proceedings" under section 2255, a Rule 60(b) motion is appropriate.

In this case, although Levine tries to characterize his motion as challenging a procedural error, the arguments made in the current motion attack the substance of his conviction, and were already advanced by Levine in his section 2255 petition and rejected by this Court. No procedural error was committed by this court. For example, the Court did not overlook one of Levine's arguments. Rather, this Court addressed each of Levine's contentions. To the extent Levine relies upon *Jones v. United States*, 526 U.S. 227 (1999), it is inapplicable. In *Jones*, the Supreme Court held that provisions of a federal carjacking statute, 18 U.S.C. § 2119, that established higher penalties to be imposed when the offense resulted in serious bodily injury or death set forth additional elements of the offense, not merely sentencing considerations. The carjacking statute is not at

-5-

issue in this case, and the Court fails to see the relevance of *Jones* to these issues.  Accordingly, Levine's present motion does not set forth a "defect in the integrity of the proceedings" in the Court's decision to deny relief under section 2255.  Instead, the Rule 60(b) motion attempts to repeat the same substantive arguments made in his original 2255 motion, arguments this Court properly rejected.  As a result, Levine's Rule 60(b) motion raises a claim for relief rather than challenges to defects in a prior collateral review proceeding, and must be treated as a successive section 2255 motion.  Levine was required to seek authorization from the Seventh Circuit prior to filing this motion, which he did not do.  This Court lacks jurisdiction to entertain this motion without authorization from the Seventh Circuit.  Accordingly, Levine's Rule 60(b) motion is dismissed for lack of jurisdiction.

CONCLUSION

For the aforementioned reasons, Levine's Motion to Set Aside Judgment Pursuant to Rule 60(b)(5) and Rule 60(b)(6) [docket entry number 91], is **DISMISSED** for lack of jurisdiction.

**DATED:  December 18, 2006**          /s/RUDY LOZANO, Judge
                                        **United States District Court**