IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 2:97-cv-164 |
| | ) | |
| ROBERT M. LEVINE, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

This matter is before the Court on the Motion for Reconsideration, filed by pro se Movant/Defendant, Robert M. Levine, on January 3, 2007. For the reasons set forth below, the motion is **DENIED**.

BACKGROUND

On June 26, 2006, Levine filed a motion to set aside judgment pursuant to Rule 60(b)(5) and Rule 60(b)(6) [docket entry number 90]. Levine argued that it was a procedural error for this Court not to explain its ruling upholding the fine assessed against Levine in the section 2255 order. This Court entered an order on December 18, 2006, treating Levine's motion as a successive section 2255 motion and dismissing Levine's motion for lack of jurisdiction. Levine then filed the instant motion to reconsider,

requesting relief from that judgment.

DISCUSSION

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982). A motion for reconsideration performs a valuable function where:

> [T]he Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

However, motions to reconsider "cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of the [motion]." *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). In other words, the parties cannot introduce evidence previously available, but not used in the prior proceeding. *See Roche Diagnostics Corp. v. Bayer Corp.*, 247 F. Supp. 2d 1065, 1068 (S.D. Ind. 2003). Motions for reconsideration are also not vehicles for

"rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse*, 90 F.3d at 1264 (citations omitted).

In this case, reconsideration is not warranted. Levine has not pointed to a significant change in the law since he submitted his Rule 60(b) motion to the Court. Additionally, Levine only rehashed arguments that this Court previously addressed and rejected in its December 18, 2006 order. To the extent any of Levine's arguments can be considered new, they could have been raised and heard during the pendency of the previous motion. This Court stands by its previous ruling, finding that Levine's Rule 60(b) motion fails for lack of jurisdiction.

CONCLUSION

For the aforementioned reasons, the Motion for Reconsideration, filed by Robert M. Levine on January 3, 2007, is **DENIED**.

**DATED: January 9, 2007**            /s/ RUDY LOZANO, Judge
                                      **United States District Court**