```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF INDIANA
                    HAMMOND DIVISION
```

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff/Respondent, | ) |
| | ) |
| vs. | )   NO. 2:97-cv-164 |
| | ) |
| ROBERT M. LEVINE, | ) |
| | ) |
| Defendant/Movant. | ) |

## OPINION AND ORDER

This matter is before the Court on the Motion for Certificate of Appealability, filed by Robert M. Levine, Defendant/Movant, on January 29, 2007. For the reasons set forth below, the motion is **DENIED**.

BACKGROUND

Levine was convicted on July 3, 1991, of one count of conspiring to use interstate commerce to effect murder for hire and of four counts of using interstate commerce to effect murder for hire. 18 U.S.C. §§ 371, 1958. On October 18, 1991, Levine was sentenced to life imprisonment and a fine of $250,000, restitution in the amount of $14,379, and a special assessment of $250. Levine remains in custody today.

Levine appealed his sentence on multiple grounds, and his

conviction and sentence was affirmed by the United States Court of Appeals for the Seventh Circuit.  *See United States v. Levine*, 5 F.3d 1100 (7th Cir. 1993).  Levine filed a motion pursuant to 28 U.S.C. section 2255 on April 29, 1997, setting forth a multitude of arguments attacking his conviction.  This Court ultimately denied Levine's section 2255 petition in an order dated January 13, 1998.

Levine filed a motion for a certificate of appealability on December 22, 1998.  One argument set forth by Levine in that motion was that the Court erred by requiring Levine to pay a $250,000 fine and restitution despite the fact the Court adopted the presentence report which indicated that Levine had a negative net worth.  (Mot. For Cert. Of Appeal., filed on December 22, 1998, p. 8.)  In an order dated January 11, 1999, this Court denied the motion, with the exception of finding Levine did make a substantial showing of the denial of a constitutional right with regard to the following issue: Whether Levine is entitled to relief under 28 U.S.C. section 2255 because the Assistant United States Attorney who handled his case at the trial level did not live in the Northern District of Indiana.  After the section 2255 motion was denied, Levine filed a motion he styled as one under Federal Rule of Civil Procedure 60(b), seeking relief from the order denying the section 2255 motion.  The Court denied that Rule 60(b) motion.  Levine filed another motion for certificate of appealability on January 22, 1999.  This Court denied that motion in an order dated February 4,

1999, ruling that only one issue identified in the January 11, 1999 order, warranted a certificate.

More recently, on June 26, 2006, Levine filed two motions pursuant to Federal Rule of Civil Procedure 60(b), arguing that this Court improperly reviewed several valid Constitutional claims, and that it was procedural error for the Court not to explain its ruling upholding the fine in the section 2255 order.  This Court denied those motions in two orders dated December 18, 2006, finding that Levine's Rule 60(b) motions raised claims for relief, and therefore were treated as successive section 2255 motions.  Because Levine failed to seek authorization from the Seventh Circuit prior to filing the motions, the Court dismissed them for lack of jurisdiction.

In the present Motion for Certificate of Appealability, Levine requests this Court "issue a certificate of appealability ("COA") on its Dismissal of his Rule 60(b) motion asking the Court to set aside its judgment of January 13, 1998, which, without review, pursuant to Rule 4(b) of the Rules Governing Section 2255, dismissed his claim that he was improperly sentenced to a $250,000 fine."  (Mot., p. 1.)

DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that an unsuccessful section 2255 petitioner may

3

not seek appellate review of the district court's denial of a section 2255 motion unless the petitioner first secures a "certificate of appealability."  28 U.S.C. § 2253(c).  Such a certificate may only be issued if the petitioner "has made a substantial showing of the denial of a constitutional right." *Id.*

Where a district court has denied, on procedural grounds, the section 2255 motion for which a certificate of appealability is sought, a petitioner must demonstrate two things before a court may issue a certificate of appealability:  (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right"; and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  A failure to establish either component is fatal to an attempt to secure a certificate of appealability.  For example, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition, or that the petitioner should be allowed to proceed further." *Id.*

From a procedural standpoint, this is the third motion for certificate of appealability filed by Levine.  This exact issue regarding the appropriateness of the $250,000 fine was already addressed in Levine's first motion for certificate of appealability

4

and denied by this Court on January 11, 1999.  The Court continues to maintain that this issue does not warrant a certificate, and therefore Levine's motion is denied.

Even analyzing the merits of Levine's argument, the Court's review of its order reveals that Levine is not entitled to a certificate of appealability on any issue because no jurist of reason could find it debatable whether this Court was correct in its rulings on Levine's section 2255 petition (and its rulings on the Rule 60(b) motions), to the extent the rulings can be considered procedural.  The Court did not commit a procedural error - it addressed Levine's contention in his section 2255 petition that the fine was improper, and it rejected Levine's argument based upon the Seventh Circuit's ruling in *Levine*, 5 F.3d at 1109-10. Alternatively, to the extent this Court addressed the merits of Levine's claims, this Court additionally finds that no jurist of reason would find it debatable whether Levine has stated a valid claim for the denial of the constitutional rights implicated in his section 2255 petition.  As such, Levine is not entitled to a certificate of appealability, and is thus not entitled to an appeal.

CONCLUSION

For the following reasons, this Court finds that Levine is not entitled to a certificate of appealability.  Consequently, the

Motion for Certificate of Appealability is **DENIED**.

**DATED: March 6, 2007**            /s/ RUDY LOZANO, Judge
                                    **United States District Court**